### Edwin C. Langhenry, Successor in Trust, etc., v. Chicago Trust and Savings Bank et. al.

1. TROVER—*Character of the Action—Showing Necessary to Maintain.*—Trover is a possessory action, and to recover the plaintiff must show that he has a special or general property in the thing converted and the right to its possession, and he must recover, if at all, on the strength of his own title, without regard to the weakness of that of his adversary.

2. SAME—*Proof Necessary to Support.*—To support an action of trover by one having either a general or special property he must prove a conversion thereof at a time when the right of possession existed in him. It is not enough that he has a mere right of action or a right to take possession at a future day.

Trover, for the value of certain promissory notes. Appeal from the Circuit Court of Cook County: the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

McGLASSON & BEITLER and JAMES R. WARD, attorneys for appellant.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for appellees.

In order to support an action of trover the plaintiff must show that at the same time of the conversion he had a

Langhenry v. Chicago Trust & Savings Bank.

property in the chattels, either general or special. He must also have had, at the time of the conversion, the actual possession or the right to immediate possession of the property. 1 Chitty on Pleadings, *147, *150; 2 Greenleaf on Ev., 14th Ed., Secs. 636–640; Puterbaugh's Common Law (1897), 290–295, 296; Barton v. Dunning, 6 Blackf. 209; Davidson v. Waldron, 31 Ill. 120, 129; Pressley v. Powers, 82 Ill. 125,126–128; Forth v. Pursley, 82 Ill. 152; Owens v. Weedmann, 82 Ill. 409; Honrood v. Smith, 2 T. R. 353; Hayes v. Ins. Co., 125 Ill. 626–633; Stock Yards Co. v. Mallory, 157 Ill. 554–560.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This was an action of trover, brought by appellant as successor in trust, etc., to recover $7,495.75, being the value of certain notes which were deposited with the appellees by one Benjamin F. Clarke, as collateral security to his individual note for money borrowed.

About April 1, 1890, sixteen persons, including the appellant, constituting what is popularly called a syndicate, bought sixty-four lots in Block " S " in Morgan Park, and on that day entered into a written agreement between themselves and said Benjamin F. Clarke whereby Clarke was constituted trustee, and the appellant successor in trust, to take the title to said premises as trustees for the others, and sell the same when directed, and pay over to each party his proportion of the proceeds of sale according to his specified interest.

The land that was bought was conveyed to " Benjamin F. Clarke, trustee, as aforesaid, then to Edwin C. Langhenry, who shall be successor in trust."

At least some of the lots were sold, and notes secured by trust deeds were received by Clarke in part payment.

It seems to have been sufficiently established that all of the notes in question were received by Clarke in his capacity as trustee under said agreement, and were pledged, or deposited as collateral security by him, to secure an individual

indebtedness of his own to the appellees, without the consent or knowledge of any of the members of the syndicate, and without any benefit therefrom to them or any of them.

Afterward, Clarke formally renounced his trusteeship in favor of appellant as successor in trust. Thereupon demand upon appellees for the notes was made, which being refused, this action in trover was begun.

We need not discuss whether appellees had notice of the character in which Clarke held the notes, for it is clear that appellant could not maintain trover for them.

If, at the time the pledge was made, appellees took the notes without notice of Clarke's trusteeship concerning them, the possession of them then taken by appellees was rightful and subsequent notice would not make it wrongful; and if they were taken with notice, then their possession was wrongful and conversion instantly followed.

In neither case could appellant maintain trover.

Trover is a possessory action, and to recover the plaintiff must show he has a special or general property in the thing converted and the right to its possession, and he must recover, if at all, on the strength of his own title, without regard to the weakness of that of his adversary. Davidson v. Waldron, 31 Ill. 120.

The notes were never in the possession of appellant, and he never saw them. He was only to become successor to Clarke in the trusteeship after Clarke ceased to be trustee, and that did not happen, nor did appellant assume to act as trustee until several weeks after the notes were pledged and their alleged conversion had taken place.

The refusal to surrender the notes upon demand by appellant did not make the conversion occur as of that date if appellees' taking of them from Clarke was wrongful, for in such case the conversion was identical with the act of taking; nor did such demand and refusal change a taking, rightful at first, into a wrongful act as of the date of demand.

At the utmost, appellant never had more than a special property in the notes, and to support an action of trover by

one having either a general or special property in the thing he must prove a conversion thereof at a time when the right of possession existed in him.

It is essential that the plaintiff should have, at the time of the conversion, not only the right of property in the chattel or thing, but also the right to its immediate possession. It is not enough that he has a mere right of action, or a right to take possession at some future day. Puterbaugh's Pl. and Pr. (7th Ed.) 290, and cases there cited.

" So a person having a special property in the goods may support trover against a stranger who takes them out of his actual possession." 1 Chitty on Pleading, star page 151.

If a plaintiff " has only a special property, there must ordinarily be evidence of actual possession." 2 Greenleaf on Evid. (13th Ed.), Sec. 640.

Whether trover might be maintained by Clarke is a question not in this record, although it would seem that it might not be, because of his own wrongful act in pledging the notes. And as to the action being maintainable in the names of the members of the syndicate, it would seem that it would not be because of their lack of right to possession of them.

There may be a remedy in equity, although difficulty therein may easily be seen, but we are not called upon to advise, and do not intend to express an opinion except that the appellant may not maintain the action. The judgment of the Circuit Court is accordingly affirmed.

MR. JUSTICE GARY.

I concur in the result for reasons shortly stated thus:

The deed, under which the appellant is successor to Clarke as trustee, provides only that the appellant shall be such successor "in case of the death or other legal disability of" Clarke; and neither insolvency, nor abuse of the powers conferred, is a legal disability, though either may furnish ground for removal.

Therefore, under the deed, it can not be said that the appellant has title to the land even, much less to the notes, concerning which the deed contains no provision.

The same reason applies to an agreement made by the members of the syndicate among themselves, contemporaneous with the deed, except that in the agreement there is a provision that the trustee shall " pay over to each party on sale of said property, their proportion of all proceeds of all sales and profits as fast as the property is sold. That was a duty incumbent upon Clarke, which, as to the notes in controversy, never charged the appellant.

Now, waiving the question whether Clarke could confer upon the appellant any authority to revoke or repudiate wrongful acts done by Clarke, it is clear that he never tried so to do. The deed by which Clark renounced, conveys " all his right, title and interest in and to " the land there described, and closes with the statement : " It being the intention of the said Benj. F. Clarke to renounce the said trusteeship, and to sell, convey and assign to Edwin C. Langhenry, his successor in trust, the legal title to said property above described."

So the notes have never been the subject of any source of title to the appellant.

Whether the property in chattels and choses in action, adversely held, may be transferred by one who has been wronged to an extent that entitles him to maintain trover (for which there seems to be authority—Benjamin on Sales, 39)—and what the transferee may do thereafter, need not be discussed. The judgment appealed from is right, and whether it be so for the right reason, is immaterial.

MR. JUSTICE WATERMAN.

There is no pretense that appellee took these notes to hold in trust for Mr. Clarke or any one else. It is undisputed that it purchased them for its own use and purpose. If, therefore, there was a conversion by appellee, it took place when it so obtained the notes. Mr. Clarke was the legal holder to these notes, they having been received by him on account of the sale of certain property which he held in trust for the estate of P. P. Plumley and others; the trusteeship of said Clarke as to the notes, being his un-

dertaking to pay to each of the *cestuis que trust,* on sale of said real estate, their proportion of all proceeds of all sales and profits as fast as the property should be sold.

Clarke, it would seem, in bad faith converted these notes, or their proceeds, to his own use. When appellee purchased and took possession of these notes—that is, if at all, converted them—appellant had no right to maintain an action of trover for them.

Whatever right appellant has to these notes or their proceeds, accrued long after appellee obtained the notes for its own use.

There was, as the Circuit Court found, no sufficient evidence warranting the submission to the jury of the question of whether appellee received these notes in bad faith, so as to make it liable to respond for their value to the legal owner of the same.

I am of the opinion that, for the reasons above stated, the judgment of the Circuit Court should be affirmed.